IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARVIN MCMILLION, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | C.A. No. 14-1195-LPS |
| | : | |
| DAVID PIERCE, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

## I.    BACKGROUND

In 1994, a Delaware Superior Court jury convicted Petitioner Marvin McMillion ("Petitioner") of attempted first degree unlawful sexual intercourse, first degree robbery, second degree burglary, third degree unlawful sexual penetration, and criminal mischief. *See McMillion v. Snyder*, 2001 WL 34368398, at *1 (D. Del. Feb. 20, 2001). He was sentenced to forty-one years of incarceration. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentence. *Id.*

In 1999, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1994 convictions. The Honorable Joseph J. Farnan, Jr, denied the petition as time-barred. *See McMillion*, 2001 WL 34368398, at *2.

Presently pending before the Court is Petitioner's new petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The instant Petition challenges Petitioner's 1994 convictions and asserts the following three claims: (1) counsel should have been appointed to represent him during his first Rule 61 proceeding in the Delaware Superior Court; (2) the trial court's refusal to allow an expert in voice recognition to testify for the defense violated Petitioner's right to due process; and (3) he was denied equal protection of the law with respect to the denial of

one of his post-conviction appeals. (D.I. 1 at 6-9)

## II.    LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III.    DISCUSSION

The dismissal of Petitioner's first § 2254 petition as time-barred constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that dismissal of § 2254 petition as time barred constitutes adjudication on merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Petitioner could have asserted Claims One and Two in his first petition. Claim Three is undecipherable and, therefore, does not assert a proper basis for habeas relief. Thus, the Court concludes that the instant Petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244.

Petitioner does not allege, and nothing in the record indicates, that the Third Circuit Court of Appeals authorized the filing of the pending Petition. Accordingly, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United

2

States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28

U.S.C. § 2244(b)(1).

## IV.    CONCLUSION

For the reason set forth above, the Court will summarily dismiss the instant Petition for lack

of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner

has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

§ 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate

Order will be entered.

Dated: March 16, 2016                      HONORABLE LEONARD P. STARK
Wilmington, Delaware                       UNITED STATES DISTRICT JUDGE